| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| RONALD ROLLINGS,<br><br>              Plaintiff,<br><br>    v.<br><br>P.A. THOMPSON, *et al.*,<br><br>              Defendants. | Case No. C06-5574FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 22, 2006 |

This matter comes before the court on plaintiff's motion for "For The Courts To Make The D.O.C. To Pay For The Surgery For An Hernia That I Need" (Doc. 7). Defendants have not yet appeared in the matter and plaintiff has not filed proof that her motion has been properly served on defendants. Accordingly, the undersigned construes the motion only as a motion for temporary restraining order. After carefully reviewing the matter, the Court should deny plaintiff's request for a temporary restraining order.

## DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure states, "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney <u>only</u> if . . . it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result . . .." Fed R. Civ. P. 65(b) (emphasis added). The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted). In order to obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Here, plaintiff has not filed an affidavit or a verified complaint to support his motion for a temporary restraining order. Moreover, it is clear that plaintiff is primarily arguing the merits of his underlying case. Plaintiff has not shown any persuasive or convincing medical evidence to show that his alleged need for hernia surgery is emergent. As noted above an injunctive is used to preserve the status quo and to make sure a party is not exposed to irreparable harm absent the injunctive relief.

## CONCLUSION

Based on the foregoing discussion, I recommend that the Court DENY plaintiff's motion for a temporary restraining order (Doc. 7). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 22, 2006**, as noted in the caption.

DATED this 30th day of November, 2006.

                                             */s/ J. Kelley Arnold*
                                             J. Kelley Arnold
                                             United States Magistrate Judge